# In the United States Court of Federal Claims

No. 14-183L
(Filed: May 14, 2015)
UNPUBLISHED

|  |  |
|---|---|
| IDEKER FARMS, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

**ORDER DENYING MOTION TO INTERVENE**

On March 16, 2015, Key Equipment Finance ("KEF") filed a motion to intervene under Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 43. KEF seeks to intervene for the limited purpose of filing its Notice of Lien to preserve its security interest in an Ellicott Series 600 Dredge that was allegedly damaged during the 2011 flood. The dredge was leased by Plaintiff Matthew Fulford, dba Southwest Contracting, Inc. ("Southwest"), one of the approximately 372 landowners alleging a Fifth Amendment taking in this case. KEF claims to have a "perfected security interest in the cash and noncash proceeds of the Dredge including claims by Southwest and Fulford for loss or damage to, or destruction of, such equipment." Id. at 2. Southwest disputes KEF's claim to a lien, and the issue is currently being litigated in a breach of contract suit in the United States District Court for the District of Colorado. See Key Equipment Finance v. Southwest Contracting Inc., et al., 14-cv-000206 (D. Colo 2014). A trial is scheduled for

September of 2015.  For the reasons stated below, the court **DENIES** KEF's motion to intervene.

RCFC 24(a)(2) states, in relevant part, that a court must permit anyone to intervene who, upon timely motion:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest

The Federal Circuit found that this rule requires the court to apply a four-part test:

> First, the motion must be timely.  Second, the movant must claim some interest in the property affected by the case.  This interest must be 'legally protectable'—merely economic interests will not suffice. . . .  Third, that interest's relationship to the litigation must be 'of such a <u>direct</u> and <u>immediate</u> character that the intervenor will either gain or lose by the <u>direct</u> legal operation and effect of the judgment.' . . . .  Fourth, . . . the movant must demonstrate that said interest is not adequately addressed by the [parties'] participation.

<u>Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Associations</u>, 695 F.3d 1310, 1315 (Fed. Cir. 2012) (emphasis in original) (quoting <u>Am. Mar. Transp., Inc. v. United States</u>, 870 F.2d 1559, 1560-62 (Fed. Cir. 1989)).

In this case, KEF has not met its burden of showing that it has an interest that is sufficiently direct and immediate to warrant intervention.  Even assuming that KEF is able to establish its security interest in the Colorado litigation, the interest that KEF alleges bears only an indirect at best relationship to the subject of the litigation.  At present, Southwest's takings claim is concerned only with the taking of real property.  In its opposition to KEF's motion to intervene, plaintiff asserted that the plaintiffs intend to amend their complaint to include a takings allegation for personal property as well as land.  ECF No. 44 at 2.  At this

time, however, that claim is not before this court and KEF has not explained how resolution of Southwest's takings claim in this case would impair KEF's ability to protect the financial interest in the dredge KEF has identified in its motion.

Even if the dredge were included as part of this litigation, KEF still would not be able to fulfill the requirements of Rule 24(a) because KEF has not given any reason why its inability to participate in this case would "impair or impede [KEF's] ability to protect its interest," RCFC 24(a)(2).  KEF claims to have a security interest in a dredge it leased to Southwest.  However, the ultimate outcome of Southwest's takings claim will have no effect on KEF's alleged lien on the dredge.  In a similar case, <u>Aeroplate Corp. v. United States</u>, the court rejected a lienholder's argument that it needed to intervene in plaintiff's case against the government in order to protect its interest.  111 Fed. Cl. 298, 300 (2013).  The court found that the lienholders assertions were "conclusory in nature" and noted that the lienholder "does not attempt to explain how the court's resolution of plaintiff's suits would impair or preclude the enforcement of its judgment against plaintiff."  <u>Id.</u>  KEF likewise has given no reason, other than conclusory statements, to explain why it needs to intervene in to enforce its lien.

Consequently, KEF does not meet the requirements of RCFC 24(a) for intervention as of right, and its motion to intervene is now **DENIED**.

**IT IS SO ORDERED.**

                s/Nancy B. Firestone
                NANCY B. FIRESTONE
                Judge